# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| GRE-MILWAUKEE, LLC | )<br>)<br>) |
| Plaintiff, | ) |
| v. | ) Case No: 2:16-cv-00407-JPS |
| J & L FIBER SERVICES, INC., | )<br>)<br>) |
| Defendant. | )<br>) |

## PLAINTIFF GRE-MILWAUKEE, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANT J&L FIBER SERVICES, INC.'S COUNTERCLAIMS

Plaintiff GRE-Milwaukee, LLC ("GRE-Milwaukee"), by and through its attorneys, answers Defendant J&L Fiber Services, Inc.'s ("J&L") Counterclaim as follows:

1. Paragraph 1 purports to incorporate J&L's "responses and allegations in the Answer and Affirmative Defenses above." It is unclear what constitutes J&L's "responses and allegations" and what portions of these "responses and allegations," if any, J&L intends to include as an affirmative basis for its counterclaim. However, to the extent a response is required, GRE-Milwaukee denies the allegations in Paragraph 1.

2. Paragraph 2 asserts a legal conclusion to which no response is required. To the extent a response is required, GRE-Milwaukee denies the allegations in Paragraph 2.

3. Denied.

4. GRE-Milwaukee admits that it has not made payments to J&L for attorneys' fees. Except as specifically admitted herein, GRE-Milwaukee denies the remaining allegations contained in Paragraph 4.

5. Denied.

6. Denied.

7. Paragraph 7 asserts a legal conclusion to which no response is required. To the extent a response is required, GRE-Milwaukee denies the allegations in Paragraph 7.

8. The terms of the building lease speak for themselves. Answering further, Paragraph 8 asserts a legal conclusion to which no response is required. To the extent a response is required, GRE-Milwaukee denies the allegations in Paragraph 8.

9. GRE-Milwaukee admits that counsel for J&L sent counsel for GRE-Milwaukee a letter dated January 21, 2016. Except as specifically admitted herein, GRE-Milwaukee denies the remaining allegations contained in Paragraph 9 and the Exhibit A J&L purports to incorporate into Paragraph 9.

10. Paragraph 10 asserts a legal conclusion to which no response is required. To the extent a response is required, GRE-Milwaukee denies the allegations in Paragraph 10.

11. Paragraph 11 asserts a legal conclusion to which no response is required. To the extent a response is required, GRE-Milwaukee denies the allegations in Paragraph 11.

12. Paragraph 12, including subparagraphs a.-c., asserts a legal conclusion to which no response is required. To the extent a response is required, GRE-Milwaukee denies the allegations in Paragraph 12 and subparagraphs a.-c.

13. GRE-Milwaukee admits that it disagrees with what it understands to be J&L's purported interpretation of the building lease. Except as specifically admitted herein, GRE-Milwaukee denies the remaining allegations contained in Paragraph 13.

14. Paragraph 14 asserts a legal conclusion to which no response is required. To the extent a response is required, GRE-Milwaukee denies the allegations in Paragraph 14.

15. Paragraph 15 asserts a legal conclusion to which no response is required. To the extent a response is required, GRE-Milwaukee denies the allegations in Paragraph 15.

16. Paragraph 16 asserts a legal conclusion to which no response is required. To the extent a response is required, GRE-Milwaukee denies the allegations in Paragraph 16.

17. Denied.

18. Paragraph 18 asserts a legal conclusion to which no response is required. To the extent a response is required, GRE-Milwaukee denies the allegations in Paragraph 18.

19. Paragraph 19 asserts a legal conclusion to which no response is required. To the extent a response is required, GRE-Milwaukee denies the allegations in Paragraph 19.

20. The terms of the parking lease speak for themselves. Answering further, Paragraph 20 asserts a legal conclusion to which no response is required. To the extent a response is required, GRE-Milwaukee denies the allegations in Paragraph 20.

21. The terms of the parking lease speak for themselves. Answering further, Paragraph 21 asserts a legal conclusion to which no response is required. To the extent a response is required, GRE-Milwaukee denies the allegations in Paragraph 21.

22. The terms of the parking lease speak for themselves. Answering further, Paragraph 22 asserts a legal conclusion to which no response is required. To the extent a response is required, GRE-Milwaukee denies the allegations in Paragraph 22.

23. GRE-Milwaukee admits that it disagrees with its understanding of J&L's purported interpretation of the parking lease. Except as specifically admitted herein, GRE-Milwaukee denies the remaining allegations contained in Paragraph 23.

24. Paragraph 24 asserts a legal conclusion to which no response is required. To the extent a response is required, GRE-Milwaukee denies the allegations in Paragraph 24.

25. Paragraph 25 asserts a legal conclusion to which no response is required. To the extent a response is required, GRE-Milwaukee denies the allegations in Paragraph 25.

26. Paragraph 26 asserts a legal conclusion to which no response is required. To the extent a response is required, GRE-Milwaukee denies the allegations in Paragraph 26.

27. Paragraph 27 asserts a legal conclusion to which no response is required. To the extent a response is required, GRE-Milwaukee denies the allegations in Paragraph 27.

28. Denied.

29. Paragraph 29 asserts a legal conclusion to which no response is required. To the extent a response is required, GRE-Milwaukee denies the allegations in Paragraph 29.

WHEREFORE, GRE-Milwaukee respectively requests that this Court dismiss J&L's counterclaim with prejudice, award GRE-Milwaukee its reasonable attorneys' fees and costs incurred herein, and grant GRE-Milwaukee such other relief as the Court deems just and proper.

## **AFFIRMATIVE DEFENSES**

As for its Affirmative Defenses, GRE-Milwaukee states as follows:

1. J&L fails to state a claim upon which relief can be granted.

2. J&L's claims are barred because J&L materially breached its obligations under the agreements.

3. J&L's claims are barred because it failed to fully perform under the agreements.

4. J&L's claims are barred because it failed to satisfy conditions precedent under the agreements to entitle J&L to a judgment against GRE-Milwaukee.

5. J&L's claims are barred because it repudiated the agreements.

6. J&L's claims are barred because it failed to mitigate its damages.

7. J&L's claims are barred by the doctrine of unclean hands.

8. J&L's claims are barred by the doctrine of laches.

9. J&L's claims are barred by the doctrine of equitable estoppel, waiver, and release.

10. Any recovery by J&L must be offset by J&L's liability to GRE-Milwaukee as set forth in GRE-Milwaukee's Complaint.

11. GRE-Milwaukee is entitled to its attorneys' fees and costs under the leases.

WHEREFORE, GRE-Milwaukee requests that this Court dismiss J&L's counterclaim with prejudice, award GRE-Milwaukee its reasonable attorneys' fees and costs incurred herein, and award such further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

GRE-Milwaukee respectfully requests a jury trial on all counts, defenses, and issues so triable.

Respectfully submitted,

**GIMBEL, REILLY, GUERIN, BROWN LLP**

Dated: May 24, 2016        By: /s/ Joshua Gimbel
                                            Joshua Gimbel, Bar #1007402
                                            email: jlgimbel@grgblaw.com
                                            Steven McGaver, Bar #1051898
                                            email: smcgaver@grgblaw.com
                                            Two Plaza East, Suite 1170
                                            330 East Kilbourn Ave
                                            Milwaukee, Wisconsin 53202
                                            Telephone: (414) 271-1440
                                            Facsimile: (414) 271-7680

**LEWIS RICE LLC**

                                          By: /s/ R. Taylor Matthews III
                                            Thomas P. Berra, Jr., MO Bar #43399
                                            email: tberra@lewisrice.com
                                            R. Taylor Matthews III, Mo Bar #60936
                                            email: tmatthews@lewisrice.com
                                            600 Washington Avenue, Suite 2500
                                            St. Louis, Missouri 63101
                                            Telephone: (314) 444-7600
                                            Facsimile: (314) 241-6056

                                            *Attorneys for Plaintiff GRE-Milwaukee, LLC*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing was filed on this 24th day of May, 2016, with the Clerk of Court via the Court's CM/ECF system for electronic service on all counsel of record.

      /s/ R. Taylor Matthews III